IN RE ESTATE OF MARIE D. SCHUCH.
ANNA ARNESON AND OTHERS, APPELLANTS.[1]

January 19, 1934.

No. 29,637.

[1]Reported in 252 N. W. 335.

*DeReu & Begin,* for appellants.
*Elmer C. Jensen* and *Sam G. Anderson,* for respondents.

*HOLT, Justice.*

The objectors to the probate of the will of ·Marie D. Schuch, deceased, appeal from the order denying a new trial and from the judgment.

An instrument purporting to be the last will and testament of Marie D. Schuch was allowed as such by the probate court of McLeod county, where the deceased resided. The court did so over the objections filed by appellants that the will was not executed by the testatrix, that she was incompetent, and under the undue influence of proponents, the respondents herein. Upon the appeal to the district court, on appellants' motion, these three questions were to be submitted to a jury:

"(1) Is the signature of Marie D. Schuch upon the will her genuine signature?

"(2). Was Marie D. Schuch, at the time she signed the will, of sound and disposing mind and memory?

"(3) Was the purported will of Marie D. Schuch procured to be made through undue influence of Charles Schuch and Henry Schuch, or either of them?"

At the close of the evidence the court, on respondents' motion, directed the jury to answer "yes" to questions 1 and 2 and "no" to question 3. The jury so did, and thereupon findings were made allowing the will, pursuant to which judgment was entered.

Appellants' motion for new trial challenged the right of the court to direct the jury how to answer the three questions that were framed as trial issues. The assignments of error on this appeal present the same question.

Testatrix, a widow 72 years old, residing with her two sons, the respondents, on her farm near Brownton, suffering from some intestinal obstruction, was taken to a hospital in Hutchinson for treatment. After the pain subsided an operation was deemed necessary as soon as she had gained sufficient strength. Evidently she thought the operation might not be successful, and so she sent for an attorney to draw her will. The attorney came to the hospital and obtained instruction from her as to the terms of the will. It was drawn but was not satisfactory to her. So he drew another will. This was acceptable, and she executed the same, the attorney and her doctor attesting as witnesses. A day or so later she determined upon some change and again sent for the attorney. He came to the hospital with the will she had executed and intrusted to his keeping. He was informed of the changes she desired in the disposition of her property, such changes being noted by the attorney upon or in the will. He then went to his office, and the will now involved was typed, brought back to her, and read over. She was satisfied therewith and subscribed her name thereto in the presence of the attorney and the nurse, whom she asked to attest the execution. They both testified that they saw her subscribe the will, that each in each other's presence and in testatrix's presence and at her request signed as witnesses to her execution of the will. The genuineness of the signatures of the attesting witnesses is not questioned. They were wholly disinterested. The attorney is of high standing in his profession. What these two witnesses testified they saw testatrix write on this paper, identified by their own unquestioned signatures, no jury can be permitted to find a forgery on the mere opinion of an interested legatee and a so-called expert, a graduate of a commercial college and a law student in the office of appellants' attorney. And we may add that any fair-minded banker or business man would have no hesitancy in concluding that the admitted genuine signatures of Marie D. Schuch received in evidence demonstrate that her signature on the will is not a forgery.

And as to her competency to make a will, there is the testimony not only of the nurse and attorney, who certainly were in a posi-

tion to observe her mental condition, but of her doctor during her stay in the hospital and of her priest who visited her about the time she made her will, that she was of sound mind and memory. The mere say-so of an interested legatee that she was incoherent in her conversation, without stating wherein, does not carry the question of her want of competency to the jury as against the above mentioned conclusive testimony of competency.

Nothing need be said of undue influence. Neither of proponents was present when the will was made or when testatrix gave instructions to the attorney in regard to its terms. A chance remark of testatrix, two years before the will was made, could not be the basis for finding that one of the proponents dominated testatrix or influenced her to make the will in his favor.

There are 70 assignments of error, the majority questioning the rulings excluding or admitting testimony. It is to be assumed that appellants see little merit in the exceptions taken at the trial to such rulings, for but few attempts are made in the brief to show error therein. The effort of counsel to have the nurse testify to changes made in pen and ink on the proposed will tried the patience of the trial court, and well it might, for we can see therein no good purpose. A mere inspection of that will indicated no changes and that pen and ink were used only in the signatures of testatrix and of the witnesses.

The order and judgment are affirmed.